IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASON HEINKEL,
on behalf of himself and the class
members described below,

        Plaintiff,

vs.

RECEIVABLES MANAGEMENT PARTNERS, LLC,

        Defendant.

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Jason Heinkel brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Receivables Management Partners, LLC ("RMP"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §§1331, 1337, and 1367.

3.    Venue in this District is proper because Defendant does business here.

4.    Article III is satisfied because Plaintiff and the class members suffered financial and reputational harm as a result of Defendant's conduct.

### PARTIES

5.    Plaintiff Jason Heinkel is a resident of Livingston County, Illinois.

6.    Defendant RMP is a limited liability company organized under Delaware law with principal offices at 8085 Knue Rd., Indianapolis, IN 46250. It does business in Illinois and has offices at 2250 East Devon Avenue, Ste. 245, Des Plaines, IL 60018-4518. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL

62703-4261.

7. RMP is engaged in the business of a collection agency, collecting consumer debts allegedly owed to others. Most of the debts it collects are healthcare debts.

8. RMP is a debt collector as defined in the FDCPA.

9. RMP is a collection agency subject to the Illinois Collection Agency Act ("ICAA").

## FACTS

10. On or about September 25, 2025, RMP filed a lawsuit against Mr. Heinkel in the Kankakee County, Illinois, Circuit Court as purported assignee of two health care debts for which he was allegedly liable.

11. A copy of the complaint is attached as Appendix A.

12. RMP claimed to sue as assignee of Riverside Medical Center, a 300-bed hospital in Kankakee County.

13. RMP did not have an assignment conforming to the requirements of the Illinois Collection Agency Act ("ICAA") before filing suit.

14. The two assignments on which RMP based its right to file suit in its name are attached as Appendix B. One was from 2025 and one from 2022.

15. The assignments do not specify the consideration for the assignment, as required by the ICAA.

16. The ICAA, at 205 ILCS 740/8b, provides:

Assignment for collection.

An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:

(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:

  (i) the effective date of the assignment; and

  (ii) the consideration for the assignment.

(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the debt being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law.

(f) If a collection agency takes assignments of accounts from 2 or more creditors against the same debtor and commences litigation against that debtor in a single action, in the name of the collection agency, then (i) the complaint must be stated in separate counts for each assignment and (ii) the debtor has an absolute right to have any count severed from the rest of the action.

17. Plaintiff responded to the lawsuit by traveling to the courthouse and appearing, incurring expense and spending time.

18. RMP's case was dismissed for want of prosecution on January 5, 2026.

19. The assignments are standard forms prepared by RMP or its agents.

20. The assignments are filled out using standard methodology, as evidenced by the fact that the same omission was made in 2022 and 2025 assignments.

21. On information and belief, RMP regularly attempts to collect debts in its name without proper assignments. Twenty (20) other defective assignments are in Appendix C.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

23. The class consists of (a) all individuals (b) sued in Illinois by RMP (c) without an assignment which contains both a date and the percentage or dollar consideration for the assignment (d) which lawsuit was filed on or after a date one year (FDCPA claim) or three years (ICFA claim) prior to the filing of this action.

3

24. Plaintiff may alter the class definition to conform to developments in the case and discovery.

25. On information and belief, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant engages in a practice of filing lawsuits without proper assignments;

    b. Whether such practice violates the FDCPA;

    c. Whether such practice violates the ICFA.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA and other consumer litigation.

29. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA – CLASS CLAIM

30. Plaintiff incorporates paragraphs 1-29.

31. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

32. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

33. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

34. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

35. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

36. The filing of lawsuits without a required assignment is both deceptive and unfair, in violation of 15 U.S.C. 1692e and 1692f.

37. Filing a lawsuit without a required assignment of the debt is unfair because it presents the consumer with the choice of spending time and money to defend or defaulting and suffering a judgment. Plaintiff did the former.

38. Filing a lawsuit without a required assignment of the debt creates a public record of a collection action, which should not have been filed.

39. Filing a lawsuit without a required assignment of the debt is deceptive because it represents to the consumer that the plaintiff collection agency is entitled to sue, when it is not.

40. Section 1692e provides:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

5

    (2)    The false representation of—

        (A)    the character, amount, or legal status of any debt; . . .

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

41.    Section 1692f provides:

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.    Statutory damages;

    ii.    Actual damages, including all amounts collected;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – ICFA – CLASS CLAIM

42.    Plaintiff incorporates paragraphs 1-29.

43.    The filing of lawsuits without a required assignment is both deceptive and unfair, in violation of 815 ILCS 505/2.

44.    Filing a lawsuit without a required assignment of the debt is unfair because it presents the consumer with the choice of spending time and money to defend or defaulting and suffering a judgment. Plaintiff did the former.

45.    Filing a lawsuit without a required assignment of the debt creates a public record of a collection action, which should not have been filed.

46.    Filing a lawsuit without a required assignment of the debt is contrary to public policy, as expressed in the ICAA, injurious to consumers, and unethical and unscrupulous.

47.    Filing a lawsuit without a required assignment of the debt is deceptive because it

represents to the consumer that the plaintiff collection agency is entitled to sue, when it is not.

48. Defendant engaged in the conduct complained of in the course of trade and commerce in collection services.

49. Defendant engaged in the conduct complained of for the purpose of obtaining money from Plaintiff and others.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Actual damages;

    ii. Punitive damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

### **COUNT III – FDCPA – INDIVIDUAL CLAIM**

50. Plaintiff incorporates paragraphs 1-21.

51. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

52. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

53. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

54. The FDCPA encourages consumers to act as "private attorneys general" to enforce

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

55. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

56. The lawsuit filed against Plaintiff sought an excessive amount of money.

57. The filing of lawsuits for an excessive amount without a required assignment is both deceptive and unfair, in violation of 15 U.S.C. 1692e and 1692f.

58. Filing a lawsuit without a required assignment of the debt is unfair because it presents the consumer with the choice of spending time and money to defend or defaulting and suffering a judgment. Plaintiff did the former.

59. Filing a lawsuit without a required assignment of the debt is deceptive because it represents to the consumer that the plaintiff collection agency is entitled to sue, when it is not.

60. Section 1692e provides:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—

(A) the character, amount, or legal status of any debt; . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

61. Section 1692f provides:

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
Alexandra Huzyk
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
Jclark@edcombs.com
ahuzyk@edcombs.com

T:\42232\Complaint DAE edits 1-9-26_.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

 Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

        */s/ Daniel A. Edelman*
        Daniel A. Edelman

## **JURY DEMAND**

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman
